## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DARICE L. BUTLER**<br>**1020 Stone Spring Way**<br>**Louisville, Kentucky 40223**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**APARTMENT INVESTMENT AND**<br>**MANAGEMENT COMPANY**<br>**6600 Rockledge Drive, Suite 500**<br>**Bethesda, Maryland 20817**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil No. **CCB14CV2322**

### APARTMENT INVESTMENT AND MANAGEMENT COMPANY'S
### NOTICE OF REMOVAL

Defendant Apartment Investment and Management Company ("AIMCO") hereby removes to this Court the state court action described below:

1.    On June 3, 2013, Plaintiff Darice L. Butler ("Plaintiff") filed an action in the Circuit Court for Baltimore City, entitled *Darice L. Butler v. Apartment Investment and Management Company*, Case No. 24-C-13-003560. Plaintiff served AIMCO with the summons and a copy of the Complaint on June 12, 2013 and thereafter filed an Amended Complaint on October 15, 2013. Subsequently, this case was transferred to the Circuit Court for Howard County, where it was assigned Case No. 13-C-14-098891.

2.    A true and correct copy of the Complaint, together with copies of all other papers served in this case, are attached as Ex. 1. To the best of AIMCO's knowledge, these documents constitute all of the process, pleadings, and orders as of this date. *See* 28 U.S.C. § 1446(a).

3.      A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Howard County, Maryland, in accordance with 28 U.S.C. § 1446(d) along with a notice of that filing, a copy of which will be served on all parties. (Notice of Filing Notice of Removal, attached as Ex. A.)

4.      This action is removable to this Court, and this Court has jurisdiction, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441(a)-(b), and 1453, because this is a putative class action involving more than 100 putative class members who are seeking to recover in excess of $5,000,000, exclusive of interest and costs, and there is minimal diversity between at least one member of the proposed class and AIMCO. *See* 28 U.S.C. § 1332(d).

5.      This Notice is timely filed in accordance with 28 U.S.C. § 1446(b)(3). Neither the Complaint nor Amended Complaint sets forth any allegation regarding the amount in controversy, which contravenes Maryland Rule 2-305.   That the amount in controversy exceeds $5,000,000 was not apparent until Plaintiff sent a settlement demand letter on June 20, 2014, estimating class-wide damages to be $9,900,000. That demand letter constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), and the Notice of Removal was timely filed within 30 days after receipt by AIMCO of the demand letter. The one-year limitation on removal set forth in 28 U.S.C. § 1446(c) does not apply to removals under CAFA. *See id.* § 1453(b).

## THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA

6.      This putative class action satisfies CAFA's jurisdictional requirements. Based on the allegations in the Amended Complaint and other papers provided by Plaintiff, (1) the proposed class consists of 100 or more members; (2) there is minimal diversity between at least one member of the

proposed class and the defendant; and (3) the amount in controversy exceeds the $5,000,000 threshold. *See W. Va. ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011).

7.      The Amended Complaint is a putative "class action to recover fees wrongfully and illegally deducted from the security deposits of tenants at AIMCO properties in Maryland, in violation of Md. Code Ann., Real Prop. § 8-203 – which only permits landlords to withhold amounts for actual damages in limited circumstances, and then only if the landlord notifies the tenant of both 1) the damages claimed as well as 2) the actual cost incurred." (Am. Compl. ¶ 2.) Plaintiff, who "was a resident of an AIMCO property known as Chimneys of Cradlerock," alleges that AIMCO withheld her security deposit for carpet cleaning and other damages but "never provided [her] with an adequate description of damages in excess of ordinary wear and tear nor an accurate statement . . . of any actual cost incurred for carpet cleaning." (*Id.* ¶ 4.)

8.      According to the Amended Complaint, "Plaintiff asserts claims on . . . behalf of a Class of other persons similarly situated . . . for violations of Maryland's Residential Lease statute," as well as the Maryland Consumer Protection Act and Maryland Consumer Debt Collection Act. (*Id.* ¶ 9.) Further, Plaintiff asserts claims for money had and received, breach of contract, unjust enrichment, negligence, and negligent misrepresentation. (*Id.*)

9.      Plaintiff has defined her proposed class as follows: "[a]ll persons or entities who entered into a lease at any AIMCO property in Maryland, where, within the last 12 years, AIMCO or its co-conspirators deducted amounts from their security deposit(s) for damages but did not provide them with a notice of the damages claimed together with an accurate notice of costs actually incurred." (*Id.* ¶ 97.)

10.     Plaintiff seeks the following relief for herself and the members of the proposed class: "damages determined to have been sustained by each of them, including the amounts withheld from their security deposits, trebled," as well as "reasonable attorneys' fees." (*Id.* ¶ 113.)

A.     **The Proposed Class Exceeds 100 Members.**

11.     CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5).

12.     In the Amended Complaint, Plaintiff purports to represent all persons who leased an apartment at an AIMCO property in Maryland who allegedly had improper security deposit deductions within the 12 years preceding Plaintiff's filing of the action. (*See* Am. Compl. ¶ 97.) Plaintiff further alleges that "AIMCO manages at least 10 residential apartment properties in Maryland, which includes thousands of rental units." (*Id.* ¶ 13.)

13.     Based on records maintained by Chimneys of Cradlerock in the ordinary course of its business, there were more than 210 persons who entered into a lease at that community during the period January 1, 2010, to the present. (Decl. of Jason Kessler, July 21, 2014, ¶ 3, attached as Ex. 2.)

14.     Plaintiff's counsel asserted in her June 20, 2014, settlement demand letter that "the total estimated number of Class members from the Chimneys property totals 640," and there are an estimated 11,000 transactions across AIMCO's Maryland properties that fall within her class definition.

15.     Because Plaintiff's proposed class, by her own admission, encompasses hundreds of former tenants of the Chimneys of Cradlerock community and thousands of former tenants of the other Maryland properties referred to in the Amended Complaint, AIMCO has met its burden to show that there are at least 100 persons in the proposed class.

**B.**     **There Is Diversity of Citizenship.**

16.     The second CAFA requirement is minimal diversity between at least one member of the proposed class and at least one defendant. *See* 28 U.S.C. § 1332(d)(2). Citizenship of a class member is determined as of the date of the filing of the complaint or amended complaint, or service of a paper indicating the existence of federal jurisdiction. *See id.* § 1332(d)(7).

17.     Because the sole defendant, AIMCO, was incorporated under the laws of Maryland in 1994 (Am. Compl. ¶ 11) and had its principal place of business in Denver, Colorado (Aff. of Nicholas M. Billings, Mar. 4, 2014, ¶ 7, attached as Ex. 3.) at all times relevant hereto, AIMCO is a citizen of both Maryland and Colorado for purposes of removal under CAFA. *See* 28 U.S.C. §1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

18.     Citizenship of an individual, for purposes of diversity jurisdiction, equates to domicile. *See Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994). To change domicile, "there must be both a change of residence and an intent to remain at the new residence indefinitely." *Id.* Among the relevant factors in determining domicile are "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others." *Id.*

19.     Plaintiff alleged in the Amended Complaint that she "is a citizen of the State of Maryland, residing in Mitchellville, Maryland." (Am. Compl. ¶ 14.) At the time Plaintiff filed the Amended Complaint, however, she resided in Louisville, Kentucky, worked as a paralegal at a Kentucky law firm, rented property in Kentucky, paid Kentucky utility bills, and studied to take the Kentucky bar

examination in February 2014. (*See* Kessler Decl. ¶ 5; Accurint Person Search Results, attached as Ex. 4; Def.'s Mem. in Supp. of Am. Mot. to Transfer Venue at 17-18, attached as Ex. 5; Aff. of Frank Napfel, Feb. 19, 2014, ¶¶ 6-8, attached as Ex. 6; Aff. of Rick McCoy, Mar. 3, 2014, ¶¶ 6-7, attached as Ex. 7).

20.     Based on all reliable sources of information available to AIMCO, Plaintiff was a citizen of Kentucky when she filed her Amended Complaint and remains a citizen of Kentucky. Thus, there is minimal diversity of citizenship here.

21.     In an affidavit dated March 21, 2014, which Plaintiff filed in support of her opposition to transfer venue from Baltimore City to Howard County, Plaintiff admitted that she "temporarily rented property in Kentucky and obtained employment there for the purpose of preparing for and taking the Kentucky Bar Exam, and awaiting the results of that Exam." (Aff. of Darice Butler ¶ 2, attached as Ex. 8.) Given that she was living and working in Kentucky, Plaintiff was a resident of Kentucky, not Maryland as she alleged in the Amended Complaint. *See White v. Hofferbert*, 88 F. Supp. 457, 465 (D. Md. 1950) (noting that residence means "living in a particular locality"). In her affidavit, Plaintiff denies that she "intended to establish a new domicile in Kentucky." (Butler Aff. ¶ 13.) But "where the surrounding facts and circumstances clearly indicate otherwise, an individual cannot establish a domicile in a particular State merely by declaring that he regards this State as his domicile." *Spencer v. Woody*, 212 F.2d 668, 669 (4th Cir. 1954). Plaintiff's affidavit testimony to the effect that she always intended to return to Maryland should not be credited by this Court, especially given that she admits that she is seeking to become a member of the Kentucky bar, and she is not a member of the Maryland bar.

22.     In her affidavit, Plaintiff cites a Maryland driver's license, vehicle registration, voter's registration, and maintenance of a Maryland address as evidence that she is still domiciled in Maryland.

6

(Butler Aff. ¶¶ 4, 11-12.)  But Plaintiff provides no supporting documentation to support her claim that she is still a Maryland citizen despite living and working in Kentucky, and she omits any mention of where she pays taxes or maintains her bank accounts.  (*See generally id.*)

23.     After failing the February 2014 Kentucky bar exam, Plaintiff has reapplied to take the July 2014 Kentucky bar examination. (*See* Applicant List for the July 2014 KY Bar Exam, attached as Ex. 9.) By twice applying for admission to the Kentucky bar, which requires an intent to practice law in Kentucky, *see* Ky. Sup. Ct. R. 2.013, Plaintiff has manifested her intent to practice law in Kentucky, rather than elsewhere via reciprocal admission, *see Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 324-25 (D.R.I. 1992) (noting that the plaintiff's action of taking the bar examination in Massachusetts, even if passing the exam would allow him to practice in Nebraska, "reinforces his allegiance to Massachusetts" for purposes of diversity jurisdiction); *see also Garcia Perez v. Santaella*, 364 F.3d 348, 353 (1st Cir. 2004) (noting that studying for and passing the Florida bar exam, working in Florida, and exploring job opportunities in Florida supported the conclusion that the plaintiff had changed his domicile to Florida).

24.     Even if Plaintiff is not a citizen of Kentucky, there is still minimal diversity between AIMCO and at least one member of the proposed class. The proposed class includes "[a]ll persons or entities who entered into a lease at an AIMCO property in Maryland" and who had amounts deducted "from their security deposit(s) for damages" but did not receive "a notice of the damages claimed together with an accurate notice of costs actually incurred." (Am. Compl. ¶ 97.) Plaintiff thus failed to circumscribe her class definition so as to avoid CAFA jurisdiction. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008).

25.     AIMCO already has identified several former tenants who are potential, putative class members and who provided forwarding addresses outside of Maryland or Colorado.  (Kessler Decl. ¶ 6.) Upon information and belief, these potential class members are citizens of states other than Maryland or Colorado.  Accordingly, AIMCO has shown that there is minimal diversity.

   C. **The Minimum Amount in Controversy Requirement Is Satisfied.**

26.     To confer subject matter jurisdiction on this Court, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a proposed class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold.  *Id.* § 1332(d)(6).

27.     Neither the Complaint nor the Amended Complaint alleges an amount in controversy. For example, the Amended Complaint claims on behalf of Plaintiff and the members of the proposed class "damages determined to have been sustained by each of them, including the amounts withheld from their security deposits, trebled," as well as "reasonable attorneys' fees."  (Am. Compl. ¶ 113.) Because the grounds for removal were not "apparent within the four corners of the initial pleading" or amended pleading, the action was not removable when Plaintiff filed these pleadings.  *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

28.     In a settlement demand letter sent to AIMCO on June 20, 2014, Plaintiff for the first time apprised AIMCO of her estimate of class-wide damages.  According to that letter, "the average single damages figure for each Class member is approximately $300, and the average treble damages figure is $900. Multiplied by 11,000 transactions, the estimated single damages for Plaintiff and the Class total $3.3 million. The estimated treble damages for Plaintiff and the Class total $9.9 million."  Plaintiff's $9,900,000 settlement demand shows she believes the amount in controversy exceeds $5,000,000.

8

"Trebled damages are considered when determining the amount in controversy," even if the award is discretionary, where the plaintiff has "unequivocally pled" entitlement to the statutory award. *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460 (D. Md. 2013). In the Amended Complaint, Plaintiff unequivocally alleges entitlement to treble damages. (*See, e.g.*, Am. Compl. ¶ 113.B.)

29.     Plaintiff's June 20, 2014, demand letter constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), because it is "information received by the defendant," *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (the paper need not be part of the state court record), and it was supplied by Plaintiff herself, *Lovern*, 121 F.3d at 162 ("the documents exchanged in the case by the parties" can provide notice of the grounds for removal). Numerous courts have ruled that settlement demands constitute "other paper" within the meaning of section 1446(b)(3). *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability."); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (holding that a settlement demand letter's estimate of the class members' aggregate damages constituted "other paper" sufficient to place the defendant on notice of the amount in controversy); *Addo v. Globe Live & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *Lien v. H.E.R.C. Prods., Inc.*, 8 F. Supp. 2d 531, 534 n.7 (E.D. Va. 1998); *Rodgers v. Nw. Mut. Life Ins. Co.*, 952 F. Supp. 325, 328 (W.D. Va. 1997). That the demand letter was ostensibly offered for settlement purposes only and prepared for mediation does not preclude its use as evidence of the amount in controversy. *See Babasa*, 498 F.3d at 974-75 (because "[f]ederal law governs the determination whether a case exceeds the amount in controversy," a state

mediation privilege would not preclude use of a settlement letter as evidence of the amount in controversy for purposes of removal to federal court).

30.   AIMCO, therefore, has met its burden to establish that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## CONCLUSION

Because CAFA's jurisdictional requirements are met, this case is properly removed.  AIMCO respectfully requests that the Court assume jurisdiction over this action.

Dated: July 21, 2014

Avery Barton Strachan (Bar Number: 27556)
William N. Sinclair (Bar Number: 28833)
Silverman, Thompson, Slutkin & White, LLC
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201
Telephone:   (410) 385-2225
Facsimile:   (410) 547-2432
astrachan@mdattorney.com
bsinclair@mdattorney.com

*Attorneys for AIMCO*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DARICE L. BUTLER**<br>**1020 Stone Spring Way**<br>**Louisville, Kentucky 40223**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**APARTMENT INVESTMENT AND**<br>**MANAGEMENT COMPANY**<br>**6600 Rockledge Drive, Suite 500**<br>**Bethesda, Maryland 20817**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil No.   **CCB14CV2322**

---

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 21st day of July, 2014, the foregoing Notice of Removal was sent via first-class mail, postage prepaid to:

Benjamin H. Carney
Richard S. Gordon
Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue, Suite 402
Baltimore, Maryland 21204

Debra Gardner
C. Matthew Hill
Public Justice Center
One North Charles Street, Suite 200
Baltimore, Maryland 21201

*Counsel for Plaintiff*

AVERY BARTON STRACHAN